**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KIMBERLY D. BARWICK, as
Personal Representative of the
Estate of Tiffany Barwick, and
GEORGE C. RUSCHAK, as Personal
Representative of the Estate of Michael
Ruschak,

        Plaintiffs,

vs.                                                Case No. 6:12-cv-635-J-37DAB

DONALD F. ESLINGER,
as Sheriff of Seminole County,
Florida,

        Defendant.

**ORDER**

This cause is before the Court *sua sponte*. Upon reviewing the record, the Court has determined that it lacks subject matter jurisdiction over this action. As such, the action must be remanded to the Eighteenth Judicial Circuit in and for Seminole County, Florida.

**BACKGROUND**

On September 11, 2009, Kimberly D. Barwick as Personal Representative of the Estate of Tiffany Barwick and George C. Ruschak, as Personal Representative of the Estate of Michael Ruschak (collectively, "Plaintiffs") commenced a negligence action in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, against a number of individuals, including Sheriff Donald F. Eslinger ("Sheriff Eslinger" or "Defendant"). (Doc. No. 1, ¶ 1.) At some point thereafter, the individual defendants were dismissed, leaving Sheriff Eslinger in his official capacity as the only defendant in the action. (*Id.* at ¶ 3.)

On April 2, 2012, Plaintiffs advised Defendant that they were preparing to amend their complaint for a fourth time to add an additional claim under 42 U.S.C. § 1983. (*Id.* at ¶ 4.) They served on Defendant, by email and fax, a Motion for Leave to File Fourth Amended Complaint and a copy of a proposed Fourth Amended Complaint (collectively, "Motion to Amend"), and later filed the same on the state court docket. (*Id.*) Prior to Plaintiffs filing their Motion to Amend, Defendant had filed a Motion to Dismiss Plaintiffs' Third Amended Complaint with Prejudice. (*Id.*) The state court set an April 3, 2012 hearing on the Motion to Dismiss, but because Plaintiffs' Motion to Amend rendered the Motion to Dismiss moot, that hearing was cancelled. (*Id.*)

On April 27, 2012, while the Motion to Amend remained pending on the state court docket, Defendant removed the action to this court. (Doc. No. 1.) As such, Plaintiffs' Third Amended Complaint, which contained no federal causes of action, remained the operative complaint at the time of removal. (*See* Doc. Nos. 3, 4.)

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Therefore, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. A removing defendant must establish the propriety of removal and the existence of federal jurisdiction. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). Courts strictly construe removal jurisdiction, and in this Circuit, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to

removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

Relying on *Williams v. Heritage Operating, LP*, No. 8:07-cv-977, 2007 WL 2729652, at *2 (M.D. Fla. Sept. 18, 2007), Defendant maintains that removal was proper when Plaintiffs filed their Motion to Amend and a **proposed** amended complaint stating a federal cause of action on the state court docket. (Doc. No. 1, ¶ 5.) Defendant's reliance on *Williams,* 2007 WL 2729652, is misplaced, however, because the *Williams* court was not faced with the critical issue here: whether subject matter jurisdiction existed at the time of removal.

In *Williams*, the plaintiff filed a motion to amend his complaint in state court, which the state court judge granted before the defendant removed the action to federal court. *See Williams,* 2007 WL 2729652, at *2. It was undisputed that at the time of removal, the operative complaint contained allegations sufficient to show diversity jurisdiction.[1] The

---

[1] A cursory examination of the CM-ECF docket applicable to *Williams v. Heritage Operating, LP*, No. 8:07-cv-977, reveals that Judge Bucklew entered an order on June 27, 2007, in which she directed the defendant to show cause why the case should not be remanded because it failed to allege more than a "vague assertion that the amount in controversy requirement would be satisfied." (No. 8:07-cv-977, Doc. No. 7, p. 2.) Nevertheless, she did not address the issue of whether subject matter jurisdiction existed when she remanded the action because she found that the defendant failed to timely remove.

3

narrow issue for the district court judge to decide was whether the removal was "timely" under 28 U.S.C. 1446.[2]  *See id.*  Because subject matter jurisdiction was not at issue in *Williams*, 2007 WL 2729652, it is inapplicable to this matter.

As previously stated, Plaintiffs' Third Amended Complaint (Doc. No. 2), containing only state law negligence claims, is the operative complaint in this matter. It is axiomatic that this Court does not have jurisdiction over such claims where no diversity jurisdiction exists.  Here, unlike in *Williams,* 2007 WL 2729652, the state court judge did not grant Plaintiffs' Motion to Amend prior to removal.  Although Plaintiffs' **proposed** Fourth Amended Complaint may have contained federal causes of action at the time of removal, those causes of actions remain nothing more than **proposed** causes of action until the state court judge allows Plaintiffs to file their newest complaint.  (*See* Doc. No. 4.)  As the Seventh Circuit has explained:

> Until the state judge grant[s] the motion to amend, there [is] no basis for removal.  Until then, the complaint [does] not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language . . . [of § 1446(b)] speaks of a motion or other paper that discloses that **the case is or has become removable**, **not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge**.

*Sullivan v. Conway,* 157 F. 3d 1092, 1094 (7th Cir. 1998) (emphasis added).

In short, Defendant jumped the gun; he removed the action before it consisted of federal claims appropriate for resolution in this Court of "limited jurisdiction."  *See Russell,* 264 F.3d at 1050.  As a result, the parties will have to return to state court to await, only

---

[2]  The Court notes that because Plaintiff filed this matter in state court in 2009, the Court does not consider the amendments to 28 U.S.C. § 1446 that took effect on November 9, 2011. Additionally, case law interpreting the version of this statute that was effective between October 19, 1996 and November 8, 2011, is applicable to this action.

4

to potentially return to federal court if the state court judge grants the Plaintiffs' Motion to Amend.  (*See* Doc. No. 4.)  This exercise in futility could have be avoided had Defendant waited until this action was subject to removal.

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1) This case is **REMANDED**.  The case is remanded to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

2) The Clerk shall send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

3) The Clerk shall close this file thereafter.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 10, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record

5